Justice White,
dissenting.
This case presents the question whether the standard of review articulated in Bose Corp. v. Consumers Union of United States, Inc., 466 U. S. 485 (1984), applies to trial courts’ findings of fact in cases striking down governmental restrictions on speech as contrary to the First Amendment.
The Federal District Court held in this case that a municipal regulation effectivély banning portable signs violated the First Amendment. The court found that the regulation did not directly advance respondent’s concededly substantial interest in esthetics and that this interest could be served equally well by less intrusive measures. See Central Hudson Gas & Electric Corp. v. Public Service Comm’n of N. Y., 447 U. S. 557 (1980). The Court of Appeals for the Eleventh Circuit reversed. 829 F. 2d 1051 (1987). The appellate court interpreted our decision in Bose as mandating an independent examination of the whole record in all cases involving First Amendment claims. 829 F. 2d, at 1053-1054, n. 9. Accordingly, the court concluded that it was not bound by the “clearly erroneous” standard in reviewing whether the regulation directly advanced respondent’s esthetic goals and was more extensive than necessary. The Eleventh Circuit’s view that an independent examination of the record must be undertaken when a trial court has found a First Amendment violation, as well as when a trial court has rejected a First Amendment claim, is shared by the Fifth Circuit. See Lindsay v. San Antonio, 821 F. 2d 1103, 1107 (1987), cert. denied, 484 U. S. 1010 (1988).
Two other Circuits have concluded, however, that de novo review is required only where the trial court has rejected a First *982 Amendment claim. See Daily Herald Co. v. Munro, 838 F. 2d 380, 383 (CA9 1988); Planned Parenthood Assn./Chicago Area v. Chicago Transit Authority, 767 F. 2d 1225, 1228-1229 (CA7 1985). These Circuits have reasoned that no special solicitude need be accorded “the government’s claim that it has been wrongly prevented from restricting speech.” Id., at 1229. Hence, if a trial court has held that the government unconstitutionally restricted speech, these Circuits will review the trial court’s findings of fact only for clear error.
I would grant certiorari to resolve this conflict among the Federal Courts of Appeals as to the standard of review to be applied to trial courts’ findings of fact in cases holding that the First Amendment has been violated.